## SHIELDS *v.* RIVERSIDE IMPROVEMENT CO.

### (*Knoxville.*    October 29, 1891.)

1. MARRIED WOMAN.    *Barred by twenty years' continuous adverse possession of her lands, when.*

The law now is, and has been since the Act of 1851–52, that twenty years' continuous adverse possession of a married woman's land, held under a conveyance from herself and husband, executed upon valuable consideration and without fraud upon her, and registered, with or without her privy acknowledgment, more than twenty years before any suit is commenced, constitutes an absolute bar to any recovery of the land by herself and husband, or by either of them, or by those claiming under them, even where she was both a married woman and a minor at date of execution of the deed, and remained under disability of coverture continuously thereafter until the suit was brought.

Code construed: §§ 2757, 2758, 2767 (T. & S.); §§ 3451, 3452, 3463 (M. & V.).

2. SAME.    *Same.    Case in judgment.*

Husband and wife conveyed wife's lands upon valuable consideration and without fraud upon her.    She was a minor.    The deed was registered.    The purchaser and those claiming under him held the land under this registered deed in continuous adverse possession for more than twenty years.    During this period she remained under the disability of coverture.    Being still a *feme covert*, she thereafter sued by next friend to recover the land and to have her said deed annulled.

*Held:* Suit is barred.

---

FROM KNOX.

---

Appeal from Chancery Court of Knox County.
H. R. GIBSON, Ch.

GREEN & SHIELDS, WEBB & McCLUNG, and J. T. & J. K. SHIELDS for Shields.

J. W. YOE and WASHBURN & TEMPLETON for Company.

TURNEY, Ch. J.   The complainant is the wife of John H. Shields, and files this bill by her next friend, Alexander Shields, against the Riverside Improvement Company, the defendant that has the lands in possession, and her husband.

The complainant was born on December 10, 1832. She was the daughter of Andrew McMillan, who died in 1838, leaving four children and a large landed estate—among his lands being a tract of three hundred and seventy-seven and one-half (377½) acres, lying near Knoxville, just west of the University of Tennessee. In 1850, by proper judicial proceedings, this tract was partitioned among the four heirs. It was divided into eight lots, two of which—numbers two (2) and seven (7)— were assigned to complainant as her portion. Lot No. 2 contained thirty (30) acres; lot No. 7, sixty-one (61) acres.

In January, 1852, the complainant married the defendant, who is still her husband.

In January, 1853, while under twenty-one (21) years of age, complainant joined with her husband in a deed to one John S. Moffett for the land in controversy. This deed was executed without fraud upon the wife, and was registered more

than twenty years before the institution of this suit. The improvement company claims under this deed through mesne conveyances, and it is this deed to Moffett which complainant now seeks to set aside.

This statement of the facts brings us to the main question presented, which is: The complainant having been an infant and a married woman when she executed the deed in 1853, and her disability of coverture still continuing to this day, can she now disaffirm her said deed and set it aside?

Section 2757 (T. & S.) Code, a codification of Acts of 1715, 1797, 1819, and 1823, provides: "If the person entitled to commence an action, is, at the time the cause of action accrued, either (1) within the age of twenty-one years, or (2) of unsound mind, or (3) a married woman, or (4) beyond the limits of the United States and the territories thereof, such person or the representatives and privies, as the case may be, may commence the action after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceed three years from the removal of such disability."

By § 2758 of same Code is enacted: "The provision of the foregoing section shall not apply to actions on a statute for a penalty or forfeiture, or to actions against the estates of deceased persons brought more than seven years from the death of the deceased and the time the cause of action ac-

crued, nor to cases provided for in § 2767," as
follows: "A continuous adverse possession of
twenty years or more of land held under a con-
veyance from husband and wife, executed upon
valuable consideration, without fraud upon the wife,
and registered more than twenty years before any
suit commenced, shall be an absolute bar to any
suit by husband and wife, or either of them, or
any person claiming title by or through either
of them, whether said wife was privily examined
or not."

The facts of this case bring it within the rule
of the statutes construed together.

No significance for complainant's claim can be
given to the latter clause of the last statute, passed
in 1851, viz.: "Whether said wife was privily ex-
amined or not." This term broadens the compre-
hensiveness of the Act by doing away with the
otherwise indispensable prerequisite to the validity
of a married woman's deed.

The latter statute was passed after a careful
investigation of the state of the law of limitations
by time, as evidenced by reference to the former
and a careful carving out of exceptions. Two of
these exceptions are infants and married women,
both of which occur in this case in the person
of complainant.

The statute of twenty years' adverse possession
makes no exception whatever, and a subsequent
Legislature refers to and emphasizes it in language
of direct approval and affirmation.

Our conclusion is: The law now is, and has been since the Act of 1851–2, that a continuous adverse possession, under a registered deed of a married woman, is, with or without privy examination, and disregarding infancy, coverture, or unsoundness of mind, an absolute bar to any suit by the wife or those claiming by or through her.

Decree affirmed.